| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c) | |
|---|---|
| | **Order Filed on January 21, 2018<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Lam Cloud Management LLC and Synergy Capital, LLC | Case No.: 15-19010<br><br>Hearing Date: |
| Daniel E. Straffi, Chapter 7 Trustee | Adv. No.: 17-01217<br><br>Judge: Michael B. Kaplan |
| Plaintiff(s)<br>v.<br>Retail Capital, LLC, Death Valley, LLC, Synergy Capital, LLC, Quick Bridge Funding, LLC, et al.<br><br>Defendant(s) | |

SETTLEMENT AGREEMENT AND CONSENT ORDER RESOLVING ADVERSARY PROCEEDING AS TO DEFENDANT, CAPCALL, LLC

The relief set forth on the following pages, numbered two (2) through _____ is hereby **ORDERED**.

**DATED: January 21, 2018**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**DILWORTH PAXSON LLP**<br>Scott J. Freedman (7681)<br>457 Haddonfield Road, Suite 700<br>Cherry Hill, New Jersey 08002<br>Telephone: (856) 675-1962<br>Facsimile:  (856) 663-8855<br><br>*Attorneys for Daniel E. Straffi, Chapter 7 Trustee*<br><br>In re:<br><br>LAM CLOUD MANAGEMENT, LLC,<br><br>        Debtor.<br><br>DANIEL E. STRAFFI, CHAPTER 7 TRUSTEE,<br><br>        Plaintiff,<br><br>        v.<br><br>RETAIL CAPITAL, LLC D/B/A CREDIBLY, DEATH VALLEY, LLC, SYNERGY CAPITAL, LLC, QUICK BRIDGE FUNDING, LLC F/K/A BLACKROCK LENDING GROUP, LLC D/B/A QUICK BRIDGE FUNDING, BOFI FEDERAL BANK, FB FUNDING, LLC A/K/A FAST BUSINESS FUNDING NY, LLC, YELLOWSTONE CAPITAL LLC, EBF PARTNERS LLC, CAPCALL, LLC, CAPITAL STACK LLC AND ACH CAPITAL LLC,<br><br>        Defendants. | Chapter 7<br><br>Case No. 15-19010 (MBK)<br><br>Honorable Michael B. Kaplan<br><br>Adv. Pro. No. 17-1217 (MBK) |

**SETTLEMENT AGREEMENT AND CONSENT ORDER RESOLVING
ADVERSARY PROCEEDING AS TO DEFENDANT, CAPCALL, LLC**

    The relief set forth on the following pages, numbered two (2) through three (3), is hereby

ORDERED.

119872124_1

**THIS SETTLEMENT AGREEMENT AND CONSENT ORDER** (the "**Consent Order**") is entered into by and between Daniel E. Straffi (the "**Plaintiff**"), Chapter 7 Trustee for the bankruptcy estate of Lam Cloud Management, LLC (the "**Debtor**"), and Defendant, CapCall, LLC (together, the "**Defendant**" and together, with the Plaintiff, the "**Parties**" and each a "**Party**").  The Parties hereby stipulate and agree as follows:

**WHEREAS**, on May 13, 2015, the Debtor commenced a bankruptcy case (the "**Bankruptcy Case**") by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code § 101 *et seq.* (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of New Jersey (the "**Court**");

**WHEREAS**, on May 14, 2015, the Plaintiff was appointed as the Chapter 7 Trustee for the Debtor's bankruptcy estate;

**WHEREAS**, the Plaintiff has asserted that the Defendant entered into a prepetition financing transaction (the "**Transaction**") with, and received certain prepetition transfers in the aggregate amount of $30,802.50 (collectively, the "**Transfers**") from or on behalf of, the Debtor;

**WHEREAS**, on March 23, 2017, the Plaintiff filed a complaint (the "**Complaint**") against the Defendants and various other entities styled as *Daniel E. Straffi, Chapter 7 Trustee v. Retail Capital, LLC, et al.*, Adv. Proc. No. 17-1217 (the "**Adversary Proceeding**"), seeking, *inter alia*, to avoid and recover the Transfers pursuant to sections 547, 548 and/or 550 of the Bankruptcy Code and an award of damages related to the Transaction;

**WHEREAS**, on May 24, 2017, the Defendant filed its Answer and Affirmative Defenses in the Adversary Proceeding in which it denies any and all liability for, and asserts various defenses to, the allegations set forth in the Complaint; and

**WHEREAS**, after participating in non-binding mediation on November 28, 2017 and otherwise engaging in arms' length negotiations, the Parties agreed to settle and fully resolve the Adversary Proceeding on the terms set forth herein.

**NOW THEREFORE**, relying specifically on the foregoing recitals, each of which is incorporated in full and made an integral part of this Consent Order, in consideration of the mutual promises and covenants set forth herein, intending to be legally bound and by and through their authorized representatives, the Parties agree and for good cause shown, it is

**ORDERED and ADJUDGED** as follows:

1.  The Defendant is to pay the sum of $6,500.00 (the "**Settlement Payment**") to the Plaintiff within fifteen (15) days of the Court's entry of this Consent Order.  The Settlement Payment shall be made by check payable to the order of "Daniel E. Straffi, Chapter 7 Trustee for Lam Cloud Management, LLC" c/o Dilworth Paxson LLP, 457 Haddonfield Road, Suite 700, Cherry Hill, New Jersey 08002, Attn:  Scott J. Freedman.

2. This Consent Order is subject to: (a) the Plaintiff filing a Notice of Proposed Compromise or Settlement of Controversy (the "**Notice**") with the Court; and (b) the Clerk's issuance of a Certificate of No Objection or the resolution of objections filed as to the Notice, if any, in a manner satisfactory to the Parties.

3. Upon the receipt and clearance of the Settlement Payment (the "**Effective Date**"), the Plaintiff, on behalf of himself and the Debtor's bankruptcy estate, and the Defendant, shall release each other and their respective predecessors in interest, successors, shareholders, directors, officers, employees, agents, attorneys and assigns of any and all obligations, claims, and demands arising out of, by reason of, or relating to the Bankruptcy Case, the Adversary Proceeding, the Complaint, the Transaction and/or the Transfers; *provided*, *however*, that nothing herein shall (a) release or discharge the Defendant's right to file or otherwise assert a claim with respect to the Settlement Payment pursuant to section 502(h) of the Bankruptcy Code or any obligation of either Party under this Consent Order, or (b) in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in any judicial, administrative, regulatory or other proceeding, by either Party or anyone else, except to enforce the terms of this Consent Order.

4. Upon the occurrence of the Effective Date, the Adversary Proceeding shall be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) as to the Defendant only, with each Party to bear its own costs.

5. This Consent Order is neither intended to be, nor shall it be, deemed evidence or an admission of wrongdoing by either Party. The Parties' agreement to settle these matters is solely as a matter of convenience. The payment of the Settlement Payment pursuant to this Consent Order and/or the performance of any other consideration specified herein constitute a compromise and settlement of matters involving disputed issues of law and fact.

6. Each Party has had the opportunity to be represented by counsel in entering into this Consent Order and affirms that it has consulted and discussed the terms and conditions hereof with its counsel and fully understands their legal effect.

7. This Consent Order shall be binding upon and inure to the benefit of each Party and its successors and assigns.

8. This Consent Order shall not be amended or modified except by a writing signed by each of the Parties and, to the extent applicable, with the approval of the Court.

9. This Consent Order may be executed in one or more counterparts, including by PDF or facsimile, each of which would be deemed an original, but all of which collectively constitute one and the same instrument.

10. This Consent Order shall be governed by, and construed and interpreted pursuant to, the laws of the State of New Jersey and the Bankruptcy Code. The Court shall retain jurisdiction, to the greatest extent permitted by law, over any and all disputes that arise in connection with the enforcement of this Consent Order.

CONSENTED TO AS TO CONTENT, ENTRY AND FORM:

Dated: December 12, 2017         CAPCALL, LLC

By: /s/ Douglas E. Robinson
Name:  Douglas E. Robinson
Title:  Attorney for CapCall, LLC

Dated: December 14, 2017         DANIEL E. STRAFFI, CHAPTER 7 TRUSTEE

/s/ Daniel E. Straffi
Daniel E. Straffi, solely in his capacity as Chapter 7 Trustee for Lam Cloud Management, LLC